FILED
SEP 05 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Moses Lee Smith, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 17-1613 (UNA)
 )
 )
City of Washington )
District of Columbia *et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff currently resides at a homeless shelter in the District of Columbia. *See* Compl. Attach. [Dkt. # 1-1 at 9]. He sues the District, several cities and counties in Pennsylvania, South Carolina, Florida and New Jersey, and the Consumer Financial Protection Bureau. *See* Compl. Caption and p. 4. Plaintiff alleges constitutional violations stemming from his "refusal to be converted into Judaism, Christianity or Islam and [his] refusal to drop two civil actions that were pending in US district courts and . . . a Habeas Corpus that was asking to have [his] sentence overturned." Compl. at 5. As a result, plaintiff allegedly is "being blacklisted by some Zionist, Christians, and Muslims who held and are holding very powerful offices with the US government" and is "being denied employment, housing, education, right to . . . a credit report, [and] right to privacy." *Id.* Plaintiff seeks "a restraining order against all defendants," a "complete . . . review of all [of his] civil actions between [Pennsylvania and New Jersey]" and his "vanishing habeas corpus that the clerk in the US Supreme Court refused to submit to the Justices for review," and an investigation of "the FBI and Attorney Generals [sic] Office in all states . . . for their roles." *Id.*

Plaintiff's wide-ranging allegations fail to provide adequate notice of a claim. *See Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014), quoting *Brown*, 75 F.R.D. at 499 ("A 'confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies' does not comply with the requirements of Rule 8.") And some, if not all, of the relief plaintiff seeks is beyond the jurisdiction of this district court. *See, e.g., In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) ("[A] lower court may [not] compel the Clerk of the Supreme Court to take any action."); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010), citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been

recognized as purely discretionary and not subject to judicial review."). Nevertheless, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: August 29, 2017

United States District Judge